MARY QUAIN, RESPONDENT, v. MOSES RUSSELL AND MORTIMER RUSSELL, APPELLANTS.

*"Civil damage act"— intoxication of husband — when wife injured by.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages, under the "civil damage act" (chap. 646 of 1873), by the plaintiff, who is the wife of the person to whom the liquor was sold. The case has already been before the General Term (8 Hun, 319), where it was held that a good cause of action was stated in the complaint.

Upon this appeal the General Term, after holding that the evidence given upon the trial was sufficient to sustain all the material allegations of the complaint, said:

"On the question whether the plaintiff was injured in person or property or means of support, through the intoxication of her husband, caused by the selling to him of intoxicating liquors by the defendant, the evidence was abundantly sufficient to support the verdict in her favor. The proof was to the effect that the plaintiff owned a small piece of land; had six minor children under her care; that the family was supported in whole or in part by the cultivation of her land by her husband, and by his labor performed for others; that her husband squandered her money during his

debauch; fell down stairs and was injured so that he was unable to help himself or labor for about four weeks, during which time the plaintiff was in destitute circumstances and suffered for want of food and fuel. Certainly here was evidence tending to show, and in fact showing, that the plaintiff was injured by her husband's intoxication in her person, property and means of support, and the jury was well warranted in this finding in the plaintiff's favor in that regard. * * *

The license to the defendant from the board of excise of the town giving him permission to sell intoxicating liquors, did not bar the plaintiff's action. (*Baker* v. *Pope*, 9 N. Y. S. C. [2 Hun], 550.) The only effect of the license was to mitigate damages, and was admissible as evidence for that purpose. The verdict was for fifty dollars only. This sum cannot be deemed excessive under the facts found in the case."

The judgment must be affirmed with costs.

*Albert Hobbs*, for the appellants. *Burke & Kilburn*, for the respondent.

Opinion by BOCKES, J.; BOARDMAN, J., concurred.

LEARNED, P. J. As the views taken by me, when the case was here before, were overruled by a majority of the court, I concur in this opinion.

Judgment affirmed, with costs.